UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-157-KKC

TINA VEGEL                                                                                      PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, Warden                                              RESPONDENT

Tina Vegel is currently confined in Satellite Camp of the Federal Medical Center located in Lexington, Kentucky ("FMC-Lexington"). Vegel has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, and has paid the requisite $5.00 filing fee [Record No. 5].

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under, 28 U.S.C. §1915(e)(2) a district court has authority to dismiss a case at any time if it determines that the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is Stephen Dewalt, the warden of FMC-Lexington.

## CLAIMS

The petitioner alleges that her due process rights, under the Fifth Amendment of the United States Constitution, were violated when a Disciplinary Hearing Officer ("DHO"), imposed disciplinary sanctions against her, including the loss of Good Conduct Time ("GCT").

## ALLEGATIONS OF THE PETITION

The DHO found Vegal guilty of a phone abuse offense, based in large part on the written Incident Report of Officer W. Caise. [DHO Report, Record No. 2-2,§ V]. The DHO's report is dated August 31, 2007. In his Report, the DHO stated that on August 20, 2007 Officer W. Caise had been monitoring Vegel's outgoing phone call(s). On that date, Vegel had used the prison phone to contact someone at telephone number 330-273-6024 [*Id.*].

One minute into the conversation, the recipient of the phone call told Vegel to "hold on." Approximately 20 seconds later, Officer Caise heard a double ring and then another man, whom the phone call recipient and Vegel identified as "Dr. Albert," answered the phone. A conversation among the three of them then ensued for one minute and 30 seconds [*Id.*].

The DHO further stated in his Report that Vegel had admitted to him that Officer Caise's report was accurate [*Id.*] Based on Vegel's admission and Officer Caise's Incident Report, the DHO found Vegel guilty of committing a telephone violation under Code 297 [*Id.*]. He described Vegel's conduct as follows:

> "Your behavior to abuse the telephone by circumventing monitoring procedures, poses a serious threat to the ability of staff to properly monitor telephone calls and provide for the safety and security of the institution as a whole. . . ."

[*Id.*, p.8]

The DHO imposed the following sanctions: (1) forfeiture of 27 days of GCT to punish

Vegel for her behavior; and (2) loss of telephone privileges for 180 days, to motivate Vegel toward more self discipline [*Id*,.p.8]

Petitioner Vegel admits in her petition that she called her boyfriend on August 2, 2007.[1] She claims, however, that without her prior knowledge, her boyfriend "conferenced" her doctor into the call.  She assigns all of the blame on her boyfriend, whom she claims is responsible for committing the prohibited act.  She further alleges that what occurred during the phone conversation was a classic example of a "three-way call," not a "third party call."

Vegel argues that the DHO improperly characterized the phone call among her, her boyfriend, and her doctor, as a "third party call" (falling under BOP Code 297) instead of a "three-way call" (falling under BOP Code 397). Vegel asks the Court to "correct" the DHO Report by amending the violation to that of the lesser Code 397 offense ("three-way call"), which carries less severe penalties than does the Code 297 violation.[2]

## DISCUSSION

Federal courts do not assess credibility or weigh the evidence when reviewing a disciplinary conviction.  A disciplinary action should be upheld if it is supported by "some evidence." *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. at 455-56.  This

---

[1] Vegel states that the phone call occurred on August 2, 2007.  The DHO Report states that it occurred on August 20, 2007.

[2] The various levels of Bureau of Prisons ("BOP") offenses are listed in 28 C. F. R. § 541.13, Table 3.  The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

3

standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. In *Superintendent v. Hill*, the Supreme Court held that:

> [a]ssuming that good time credits constitute a protected liberty interest, the revocation of such credits must be supported by some evidence in order to satisfy the minimum requirements of procedural due process . . . . [a]scertaining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.

*Id.* at 454-55.

Therefore, a district court has no authority under the guise of due process to review a disciplinary committee's resolution of factual disputes. *Id*. at 455. A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt. A district court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support. *Id.* at 457. The only question is whether the DHO had "some evidence" to ensure fairness and justify his finding of a Code 297 violation.

Challenges to the distinctions between "three-way calls" and "third party calling" were asserted in *Martinez v. Pettiford*, 2008 WL 867887 (D. S.C., February 11, 2008) (Slip Copy). There, the inmate also argued that the Code is vague as to what constitutes a "three-way call" (a violation under Code 397) and a 'third party call" (a violation under Code 297). *Id*., at * 4.

In *Martinez*, the petitioner (like Petitioner Vegel here) argued that Code 397 should apply to the infraction. The *Martinez* Court rejected that argument and affirmed the disciplinary conviction for the conduct under the more severe Code 297 provision. The *Martinez* court determined that there is no substantive difference between the two types of prohibited phone calls, both of which are unauthorized by the BOP and both of which involve the participation of

4

third parties. In reaching that conclusion, *Martinez* cited other recent cases which had discussed the same challenge and found it to be lacking in merit. The *Martinez* court explained:

> "However, the distinction, if any, is irrelevant because the DHO reasonably determined that the call, which involved telephone conversations with a third party, constituted third party calling. The petitioner has admitted that he telephoned one person and asked that person to place a call to a third person so as to effect a call to a third party.
>
> In *Morris v. Fransic*, 2007 WL 2327111 *4 n. 2 (N. D. W. Va.2007), the court addressed the same issue as the petitioner raises here. The court held:
>
>> The undersigned is of the opinion that this a distinction without difference. As noted above, the purpose of Code 297 is to prevent inmates from circumventing the telephone monitoring system. The examples listed are not all inclusive, meaning they are not the only actions which can constitute a violation of the code. Thus, even if third-party calling and three-way calling are not the same, there is nothing in the regulations preventing an inmate from being charged with a violation of Code 297 when he utilizes a three-way call. In addition, it appears as if the BOP uses the terms third-party calling and three-way calling interchangeably. **In Code 279, the BOP refers to third-party calling and third-party billing as different events, when in fact they are the really the same thing. Thus, it appears that the BOP intended to include three-way calling in its examples, when it stated third-party calling. However, the interchangeability of these terms still does not render the statue vague as the regulation clearly contemplates that any attempt to circumvent the telephone monitoring system may be considered a violation of Code 279**.
>
> *See also Cook v. Warden*, *FCI Fort Dix*, 2005 WL 3465666 (D.N.J.2005) (holding the distinction between 297 and 397, if any, is irrelevant because the DHO reasonably determined that the call, which involved telephone conversations with a third party, constituted third party calling.)."

*Martinez*, 2008 WL 867887, at **4-5 (emphasis added).

Here, Petitioner Vegel admits that she made an authorized telephone call, but claims she did not know the recipient of that phone call planned to connect her to a third party, identified as "Dr. Albert." It is noteworthy, however, Vegel does not allege in her petition that she

5

*terminated* the call once the authorized recipient connected the third party to the call. In fact, Officer Caise's report indicates that the call with "Dr. Albert" lasted one minute and thirty seconds.

The fact remains that, notwithstanding Vegel's claim that she lacked advance notice of the second party's intention to connect "Dr. Albert" to the call, there is more than "some evidence" which supports the DHO's finding that Vegel violated the provisions of Code 297. That evidence consists of both Officer Caise's Incident Report and Vegel's own admission that a call involving a third party ("Dr. Albert") transpired, albeit without her "prior knowledge."

Additionally, the cases discussed herein (*Martinez v. Pettiford*, *Morris v. Fransic*, and *Cook v. Warden*), document that challenges to the distinctions between Code 297 and Code 397 infractions have not been favorably received. As noted in the *Morris* decision, "the interchangeability of these terms ["three-way calling' and "third party calling"] still does not render the statue vague as the regulation clearly contemplates that any attempt to circumvent the telephone monitoring system may be considered a violation of Code 279." *Morris v. Fransic*, 2007 WL 2327111, at * 4.

The instant § 2241 petition will therefore be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Tina Vegel's petition for writ of habeas corpus [Record No. 2] is **DENIED**.

6

(2)     This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

Dated this 6th day of May, 2008.

Signed By:
*Karen K. Caldwell*
United States District Judge